UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

**LESTER WALKER,**

    Plaintiff,

v.

**AT&T INC. aka MICHIGAN BELL
TELEPHONE CO.,**

    Defendant.

Case No.:

Hon.

_____/

**MILLER COHEN, P.L.C.**
Keith D. Flynn (P-74192)
*Attorney for Plaintiff*
600 W. Lafayette 4th Floor
Detroit, Michigan 48226
(313) 964-4454

_____/

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

There is no other civil action pending in this Honorable Court or any other Court arising out of the same transaction and occurrence.

**NOW COMES** Plaintiff, Lester Walker, by and through his attorneys, MILLER COHEN P.L.C., for his Complaint against AT&T Inc. aka Michigan Bell Telephone Co., and states as follows:

### INTRODUCTION

Plaintiff, Lester Walker, was demoted in violation of his rights under the Americans with Disabilities Act (ADA) and the Michigan Persons with Disabilities Act (PWDCRA). Plaintiff is currently employed by Defendant and has been employed since 1995. After sustaining a work related injury, Plaintiff was diagnosed with degenerative disc disease – a permanent condition that

1

affects his ability to stand, bend, and lift without suffering from agonizing pain. After returning to work and performing the essential job functions of his prior position for over a year, Plaintiff merely requested a lighter ladder or some assistance in the rare event that he would have to perform heavy lifting surpassing one-hundred pounds. Defendant refused to engage in an interactive discussion regarding Plaintiff's requests, instead, only offering a counter ultimatum—take a $60,000 pay cut or lose his job. Now, Plaintiff seeks the redress of his rights under the ADA and PWDCRA.

## PARTIES

1. Plaintiff Lester Walker is a private citizen and resident of Washington Township, Michigan in the County of Macomb.

2. Defendant AT&T Inc. aka Michigan Bell Telephone Co. is a private company incorporated under the laws of Delaware, headquartered in Dallas, Texas, and doing business throughout Michigan, including Detroit.

## JURISDICTION AND VENUE

4. For the federal causes of action, jurisdiction is appropriate in this court in accordance with 28 U.S.C. § 1331.

5. For the state causes of action, supplemental jurisdiction is appropriate under 28 U.S.C. § 1367.

6. Venue is appropriate in this Court in that all parties are located in the Eastern District and all events in controversy took place in the Eastern District.

## GENERAL ALLEGATIONS

7. Plaintiff, Lester Walker, has been employed by AT&T since around February 27, 1995.

8. Recently, Plaintiff was demoted from his position as a Customer Services Specialist to a position at the Technician-Client Help Center, a change in employment that constituted a sharp decline in his salary—over $50,000 per year.

9. The demotion occurred because Plaintiff requested an accommodation on or about September 26, 2011 from the Defendant due to his degenerative disc disease, which stemmed from a work related injury.

10. Plaintiff was on workers' compensation from July 2008 to May 2010, when he went back to his old position as a Customer Services Specialist. According to his Functional Capacity Evaluation, Mr. Walker had difficulty lifting over fifty (50) pounds. (***Exhibit A***)

11. According to Plaintiff's physician, Plaintiff should not stand for more than thirty minutes per hour, should not bend for more than five minutes an hour, and should not lift weights greater than fifty pounds. (***Exhibit A***) Defendant had knowledge of these restrictions. (***Exhibit B***)

12. The Customer Services Specialist repairs cables in homes, on telephone poles, and under manholes. The job requires the ability and training to properly climb telephone poles—a skill and physical aptitude that is unaffected by Plaintiff's back injury.

13. According to the job description, the Customer Services Specialist is required to lift up to 100 pounds, but in actuality, Customer Service Specialists rarely, if ever, lift one-hundred (100) pounds. (***Exhibit C***) The heaviest piece of equipment Plaintiff would have to routinely lift was his ladder, which was around eighty (80) pounds.

14. Importantly, Defendant allowed other employees to call for assistance if they were having a difficult time with the physical demands of the job or if an employee required additional knowledge or skills possessed by another.

15. Other employees have been placed on Hi Cap Specials workloads only. This work is not as physically demanding as it involves less lifting and most of the work is at chest level allowing employees to sit or stand.

16. In order to aid Plaintiff in his job duties, Plaintiff requested alternative reasonable accommodations. First, Plaintiff requested to work as a Special Circuits Specialist/High Cap Specials Technician — a Customer Service Specialist position with the same salary performing most of the job duties he was already performing without the heavy lifting. Second, he requested a lighter ladder. Third, Plaintiff requested retraining as a certified Cisco Network Admin, if the other position was unavailable. Fourth, he requested that he be provided with additional support in regards to occasional heavy lifting.

17. Plaintiff had submitted all of the requested documentation from his medical provider.

18. Defendant's response to Plaintiff's requests for accommodation was to assert that Plaintiff could not perform the essential job functions of the Customer Service Specialist position, even though Plaintiff had been performing the essential job functions for over a year after coming back from workers' compensation. In addition, Defendant did not provide any further elaboration as to why Plaintiff could not perform his job duties.

19. In reality, Plaintiff could perform the essential functions of the Customer Service Specialist position, but simply requested accommodations to allow him to perform the position without undue discomfort or pain.

20. Without any further discussion, Defendant provided Plaintiff with an ultimatum— either take a significant demotion and pay cut or be without a job.

21. Specifically, Plaintiff was given ninety (90) days to find another position within the company that was open and available and to pass an evaluation. The only two positions offered

were that of operator and a position in the Technician-Client Help Center—both of which would have similarly decreased his pay.

22. He was demoted to a position at the Technician-Client Help Center on January 31, 2012 with a start date of March 5, 2012.

23. Ever since then, Plaintiff has been receiving a sharp decline in his wages. In 2011, Plaintiff made over $120,000 working in his prior position. As of today, in Plaintiff's new position, he is likely to make little over $60,000.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

24. Plaintiff incorporates by reference all preceding paragraphs.

25. Plaintiff is disabled within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq*, "without regard to the ameliorative effects of mitigating measures such as—medication . . ." 42 U.S.C. § 12103(4)(E)(i). In addition, the ADA defines "disability" as: (a) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (b) a record of such impairment; or (c) being regarded as having such impairment. 42 U.S.C. § 12102(2)(A)-(C). Plaintiff's degenerative back disease is a condition that he will likely live with for the rest of his life. Plaintiff's condition substantially impairs his ability to stand, bend, lift, and work. In other words, Plaintiff's condition substantially limits one or more major life activities. Furthermore, Plaintiff was regarded as being disabled—after all, Defendant believed that Plaintiff could not perform the essential job functions with or without a reasonable accommodation according to Defendant's EEOC position statement. Hence, Plaintiff is disabled for purposes of the ADA.

26. Plaintiff was able to perform the essential job functions of his prior position.

5

27. Defendant intentionally discriminated against Plaintiff in violation of the ADA by demoting Plaintiff after refusing to reasonably accommodate his disability.

28. Plaintiff's requested accommodations were reasonable and would not cause an undue hardship considering that, at minimum, Plaintiff was only requesting a lighter ladder.

29. Defendant refused to engage in an interactive discussion regarding Plaintiff's request of a reasonable accommodation and, instead, told Plaintiff to find a new position in the company in ninety (90) days or be terminated. The only vacant positions were significant demotions.

30. Defendant's discriminatory and retaliatory conduct exhibited a willful and/or reckless indifference to Plaintiff's protected right to be free from disability discrimination.

31. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has lost benefits; his future earning capacity has been substantially impaired; he has suffered severe emotional distress, humiliation, embarrassment, pain and suffering and loss of enjoyment of life; and he has suffered other non-pecuniary losses, all of which will be proven at the trial of this action.

32. Plaintiff has filed a charge with the Equal Employment Opportunity Commission. He files this Complaint following receipt of a Right to Sue Letter.

**WHEREFORE**, Plaintiff requests that this Honorable Court grant the following remedies:

A. Declare that Defendant's practices and actions constitute unlawful employment practices in violation of the ADA;

B. Award Plaintiff all lost wages, seniority, and benefits, past and future, emotional distress, mental anguish, humiliation, outrage, embarrassment, pain and suffering, loss of job opportunity, and loss of earning capacity to which he is entitled;

C. Award Plaintiff compensatory damages and punitive;

D. Award Plaintiff equitable relief as this Court deems just and appropriate;

E. Award Plaintiff reasonable attorney fees, costs and interest; and

F. Award such other relief as this Court deems just and proper.

## COUNT II
## VIOLATION OF THE MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT (PWDCRA)

33. Plaintiff incorporates by reference all preceding paragraphs.

34. Plaintiff's condition is a "disability" within the meaning of Michigan's Persons with Disabilities Civil Rights Act, M.C.L. §§ 37.1101 et seq. "Disability" is defined as (1) a determinable physical or mental characteristic resulting from disease, injury, congenital condition of birth, or functional disorder that substantially limits one or more of an individual's major life activities, and is unrelated either to an individual's ability to perform the duties of a particular job or to the individual's qualifications for employment or promotion; (2) a history of such a characteristic; or (3) being regarded as having such a characteristic. MCL §§ 37.1103(d). Plaintiff's degenerative back disease is a condition that he will likely live with for the rest of his life. Plaintiff's condition substantially impairs his ability to stand, bend, lift, and work. In other words, Plaintiff's condition substantially limits one or more major life activities. Furthermore, Plaintiff was regarded as being disabled—after all, Defendant believed that Plaintiff could not perform the essential job functions with or without a reasonable accommodation according to Defendant's EEOC position statement. Hence, Plaintiff is disabled for purposes of the PWDCRA.

35. Plaintiff was able to perform the essential job functions of his prior position.

36. Defendant intentionally discriminated against Plaintiff in violation of the PWDCRA by demoting him for requesting a reasonable accommodation—namely, either a lighter ladder, a reassignment, a shift in job duties, or further training.

37. Plaintiff's requested accommodations were reasonable considering that, at minimum, Plaintiff was only requesting a lighter ladder.

38. Defendant refused to engage in an interactive discussion regarding Plaintiff's request for a reasonable accommodation and, instead, told Plaintiff to find a new position in the company in ninety (90) days or be terminated. The only vacant positions were significant demotions.

39. Defendant's discriminatory and retaliatory conduct exhibited a willful and/or reckless indifference to Plaintiff's protected right to be free from disability discrimination.

40. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has lost benefits; his future earning capacity has been substantially impaired; he has suffered severe emotional distress, humiliation, embarrassment, pain and suffering and loss of enjoyment of life; and she has suffered other non-pecuniary losses, all of which will be proven at the trial of this action.

**WHEREFORE**, Plaintiff requests that this Honorable Court grant the following remedies:

A. Declare that Defendant's practices and actions constitute unlawful employment practices in violation of the PWDCRA;

B. Award Plaintiff all lost wages, seniority, and benefits, past and future, emotional distress, mental anguish, humiliation, outrage, embarrassment, pain and suffering, loss of job opportunity, and loss of earning capacity to which he is entitled;

C. Award Plaintiff compensatory damages and punitive;

D. Award Plaintiff equitable relief as this Court deems just and appropriate;

E. Award Plaintiff reasonable attorney fees, costs and interest; and

F. Award such other relief as this Court deems just and proper.

### RELIEF REQUESTED

**WHEREFORE**, Plaintiff requests that this honorable Court enter an order granting him:

a. All available damages for lost wages, seniority, and benefits, past and future, emotional distress, mental anguish, humiliation, outrage, embarrassment, pain and suffering, loss of job opportunity, and loss of earning capacity to which he is entitled;

b. Additional liquidated damages in the amount of the above-requested award;

c. All necessary injunctive relief, including front pay;

d. Reasonable attorney's fees and costs incurred in this litigation; and

e. All such further relief as shall meet equity and good conscience.

                                      Respectfully submitted:

                                      **MILLER COHEN, P.L.C.**

By:   /s/Keith D. Flynn
        Keith D. Flynn (P74192)
        *Attorney for Plaintiff*
        600 West Lafayette – 4th Floor
        Detroit, Michigan 48226
        (313) 964-4454

Dated: October 5, 2012

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LESTER WALKER,

    Plaintiff,

v.

AT&T INC. aka MICHIGAN BELL
TELEPHONE CO.,

    Defendant.

Case No.:

Hon.

/

**MILLER COHEN, P.L.C.**
Keith D. Flynn (P-74192)
*Attorney for Plaintiff*
600 W. Lafayette 4th Floor
Detroit, Michigan 48226
(313) 964-4454

/

## REQUEST FOR A JURY TRIAL

Plaintiff requests a trial by jury.

Respectfully submitted:

**MILLER COHEN, P.L.C.**

By: /s/Keith D. Flynn
Keith D. Flynn (P74192)
*Attorney for Plaintiff*
600 West Lafayette – 4th Floor
Detroit, Michigan 48226
(313) 964-4454

Dated: October 5, 2012

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LESTER WALKER,

    Plaintiff,

                                        Case No.:

v.

                                        Hon.

AT&T INC. aka MICHIGAN BELL
TELEPHONE CO.,

    Defendant.
_____/

**MILLER COHEN, P.L.C.**
Keith D. Flynn (P-74192)
*Attorney for Plaintiff*
600 W. Lafayette 4th Floor
Detroit, Michigan 48226
(313) 964-4454
_____/

## CERTIFICATE OF SERVICE

        I hereby certify that on *October 5, 2012*, I electronically filed the foregoing **PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL** and this *Certificate of Service* with the Clerk of the Court using the ECF system and also caused to be served a copy of **PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL** and this *Certificate of Service* upon:

Ms. Cheryl O'Hara, Sr. EEO Consultant    Michigan Bell Telephone Company
AT&T    444 Michigan Avenue
225 West Randolph St., Floor 18A/D    Detroit, MI 48226
Chicago, IL 60606

via U.S. First-Class Mail by placing said document in the United States Postal Receptacle in Detroit, Michigan.

                                                                  Respectfully submitted:

                                                                  **MILLER COHEN, P.L.C.**

                                    By:    /s/Keith D. Flynn
                                                Keith D. Flynn (P74192)
                                                *Attorney for Plaintiff*
                                                600 West Lafayette – 4th Floor

11

                                                                Detroit, Michigan  48226
                                                                 (313) 964-4454

Dated: October 5, 2012